# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| MICAH ISAAC GOODWIN, | No. 2:15-CV-00319-MKD |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | ECF Nos. 18, 21 |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 18, 21. The parties consented to proceed before a magistrate judge. ECF No. 9. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 18) and grants Defendant's motion (ECF No. 21).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1    **JURISDICTION**

2         The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3    1383(c)(3).

4    **STANDARD OF REVIEW**

5         A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7    limited; the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10   reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

11   (quotation and citation omitted).  Stated differently, substantial evidence equates to

12   "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

13   citation omitted).  In determining whether the standard has been satisfied, a

14   reviewing court must consider the entire record as a whole rather than searching

15   for supporting evidence in isolation. *Id.*

16        In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.  If the evidence in the record "is

18   susceptible to more than one rational interpretation, [the court] must uphold the

19   ALJ's findings if they are supported by inferences reasonably drawn from the

20   record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2  defined generally as the claimant's ability to perform physical and mental work

3  activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

4  404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the

5  analysis.

6      At step four, the Commissioner considers whether, in view of the claimant's

7  RFC, the claimant is capable of performing work that he or she has performed in

8  the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

9  If the claimant is capable of performing past relevant work, the Commissioner

10  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).

11  If the claimant is incapable of performing such work, the analysis proceeds to step

12  five.

13      At step five, the Commissioner considers whether, in view of the claimant's

14  RFC, the claimant is capable of performing other work in the national economy.

15  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

16  the Commissioner must also consider vocational factors such as the claimant's age,

17  education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v);

18  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

19  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

20  404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1    work, analysis concludes with a finding that the claimant is disabled and is

2    therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

3         The claimant bears the burden of proof at steps one through four above.

4    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

5    step five, the burden shifts to the Commissioner to establish that (1) the claimant is

6    capable of performing other work; and (2) such work "exists in significant

7    numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.920(c)(2);

8    *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

10        Plaintiff applied for child's insurance benefits and supplemental security

11   income benefits, pursuant to Titles II and XVI, respectively, on April 27, 2012,

12   alleging disability since May 11, 2007.  Tr. 129-45.  Plaintiff's applications were

13   denied initially, Tr. 83-89, and on reconsideration, Tr. 97-101.  Plaintiff appeared

14   at a hearing before an Administrative Law Judge (ALJ) on February 18, 2014.  Tr.

15   28-52.  On April 11, 2014, the ALJ denied Plaintiff's claim.  Tr. 10-20.

16        At the outset, the ALJ found that Plaintiff met the requirements of the Act

17   with respect to his child's insurance benefit claim because Plaintiff had not

18   attained age 22 as of May 11, 2007, the alleged onset date.  Tr. 12.  At step one, the

19   ALJ found that Plaintiff had not engaged in substantial gainful activity after onset

20   May 11, 2007.  Tr. 12.  At step two, the ALJ found that Plaintiff has the following

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

severe impairments: morbid obesity; low back pain status post motor vehicle accident; schizoaffective disorder; and personality disorder, NOS. Tr. 12. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 14. The ALJ then concluded that Plaintiff has the following RFC:

> ... claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except he can only occasionally climb stairs and ramps, balance, stoop, kneel, crouch or crawl, and never climb ropes, ladders, or scaffolds. He should avoid all exposure to hazards, and have no public interaction, and never or seldom have superficial (defined as non-cooperative) interaction with coworker[s] and supervisors. He should deal with things rather than people, and be essentially isolated. Proximity to others is ok if he is not required to interact with them and has only occasional supervision.

Tr. 15. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 19. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as housekeeping cleaner, agricultural products sorter, and cafeteria attendant. Tr. 20. On that basis, the ALJ concluded that Plaintiff is not disabled as defined in the Social Security Act. Tr. 20.

On September 21, 2015, the Appeals Council denied review, Tr. 1-5, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him child's insurance benefits under Title II and supplemental security benefits under Title XVI of the Social Security Act.  ECF No. 18.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ fully developed the record; and

3. Whether the ALJ made a proper step five finding.

ECF No. 18 at 2; 6-20.

## DISCUSSION

**A. Medical Opinion Evidence**

First, Plaintiff faults the ALJ for discrediting the opinion of examining psychologist W. Scott Mabee, Ph.D., and examining physician William Shanks, M.D., and for giving more weight to the opinion of reviewing psychologist Joseph Cools, Ph.D., and reviewing physician Darius Ghazi, M.D.  ECF No. 18 at 5-18.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).

1  "Generally, a treating physician's opinion carries more weight than an examining

2  physician's, and an examining physician's opinion carries more weight than a

3  reviewing physician's." *Id*. "In addition, the regulations give more weight to

4  opinions that are explained than to those that are not, and to the opinions of

5  specialists concerning matters relating to their specialty over that of

6  nonspecialists." *Id*. (citations omitted).

7       If a treating or examining physician's opinion is uncontradicted, an ALJ may

8  reject it only by offering "clear and convincing reasons that are supported by

9  substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

10  "However, the ALJ need not accept the opinion of any physician, including a

11  treating physician, if that opinion is brief, conclusory and inadequately supported

12  by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

13  (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

14  examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

15  may only reject it by providing specific and legitimate reasons that are supported

16  by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

17  F.3d 821, 830-31 (9th Cir. 1995).

18       *1. Dr. Mabee*

19       Dr. Mabee performed a consultative examination in February 2013.  Tr. 297-

20  305.  He diagnosed schizotypal personality disorder and dysthymic disorder, early

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1   onset.  Tr. 298-99.  Dr. Mabee opined that Plaintiff's symptoms were markedly

2   severe in four areas and moderately severe in two others.  Tr. 298.  Regarding

3   Plaintiff's functioning, Dr. Mabee specifically opined that Plaintiff was markedly

4   impaired in three areas: (1) the ability to perform activities within a schedule, (2)

5   complete a normal work day and work week without interruptions from

6   psychologically based symptoms, and (3) maintain appropriate behavior in a work

7   setting.  Tr. 299.   The ALJ gave this opinion little weight.  Tr. 18.

8        Because Dr. Mabee's opinion was contradicted by Dr. Cools, Tr. 34-36, the

9   ALJ was required to provide specific and legitimate reasons for rejecting Dr.

10  Mabee's opinion.  *Bayliss*, 427 F.3d at 1216.

11       First, the ALJ assigned little weight to Dr. Mabee's opinion because Dr.

12  Mabee's test results were invalid due to Plaintiff's over-reporting of

13  psychopathology.  Tr. 13, 18 (citing Tr. 298).  The ALJ reasoned that Plaintiff's

14  exaggeration undermined Dr. Mabee's opinion that Plaintiff's functioning was

15  markedly impaired.  Tr. 18.  An ALJ may discredit a physician's opinions that are

16  unsupported by the record as a whole or by objective medical findings, and an ALJ

17  may permissibly rely on evidence of exaggeration as diminishing the credibility of

18  a claimant's complaints.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

19  1190, 1195 (9th Cir. 2004); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.

20  2001).  Here, the ALJ found Plaintiff's profile was invalid due to over-reporting

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

psychopathology.  Tr. 18 (citing Tr. 298).  For example, the ALJ found that elevated scores on portions of the MMPI-2-RF[1] indicated Plaintiff's profile was invalid due to over-reporting (Dr. Mabee noted that Plaintiff's elevated F-r scale T-score of 120 indicated over-reporting).  Tr. 18 (citing Tr. 298).  The ALJ further found that Plaintiff's validity scales suggested that he responded "true" to most of the test questions, and Plaintiff's profile could not be interpreted because his scores were likely an exaggeration of his then current psychological functioning.  Tr. 18 (citing Tr. 298).  The ALJ provided a specific reason supported by the record for giving Dr. Mabee's opinion little weight.

Second, the ALJ found that Dr. Mabee's opinion provides no objective basis for the limitations assessed. Tr. 18.  An ALJ may properly reject an opinion that is unsupported by objective findings. *Batson*, 359 F.3d at 1195.  The ALJ found, as noted, that test scores showed Plaintiff exaggerated his symptom complaints, yet Dr. Mabee assessed significant limitations.  In addition to this inconsistency, the ALJ found that Dr. Mabee "did not provide any basis for the degree of limitations given." Tr. 18 (citing Tr. 297-305).  Similarly, the ALJ found that Dr. Mabee used a check-box form with few objective findings supporting the degree of limitation

---

[1] The Minnesota Multi Phasic Personality Inventory-2 Restructured Form, was published in 2008.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1   assessed.  Tr. 18 (citing Tr. 299-301).  An ALJ may permissibly reject check-the-

2   box reports that do not contain any explanation of the bases for their conclusions.

3   *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996).  This too was a specific and

4   legitimate reason to give Dr. Mabee's opinion little weight.

5           Next, the ALJ gave three reasons for discrediting DSHS evaluations in

6   general.  Tr. 18.  Plaintiff challenges these general reasons for discrediting the

7   DSHS evaluations, to the extent that the ALJ also relied on these reasons when she

8   gave Dr. Mabee's opinion little weight.  ECF No. 18 at 6-12.  For example, the

9   ALJ found that DSHS evaluations are largely based on a claimant's self-report, and

10  the ALJ found that Plaintiff's statements were not entirely credible.  Tr. 16, 18.  An

11  ALJ may discredit an opinion that is based on a claimant's exaggerated or

12  otherwise unreliable self-report.  *See Guillen v. Comm'r of Soc. Sec. Admin*., 2007

13  WL 1454982 at *2, 232 F. App'x 699, 702 (9th Cir. 2007) (unpublished) ("We

14  held that the ALJ's reliance on a testifying physician's opinion over the claimant's

15  treating physician was based on substantial evidence because the claimant's 'self-

16  reports were exaggerated' thus making the treating physician's report likewise

17  unreliable") (citing *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

18  Plaintiff does not challenge the ALJ's negative credibility finding in this Court,

19  and therefore any challenge to that finding is waived on appeal.  *Hughes v. Astrue*,

20  357 F. App'x 864, 866 (9th Cir. 2009) (unpublished) (holding failure to challenge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1   the ALJ's credibility finding in the district court waives any challenge to that

2   finding on appeal).  Because there was a lack of supporting objective evidence and

3   Plaintiff over-reported his symptoms on testing, the ALJ's finding that DSHS

4   reports are generally based on a claimant's self-report appears borne out in this

5   case, and on this record is a specific and legitimate reason to discredit Dr. Mabee's

6   opinion.

7         Another general reason the ALJ gave for discrediting Dr. Mabee's opinion

8   is that, because it was rendered for the purpose of determining Plaintiff's eligibility

9   for state assistance, Plaintiff had an incentive to "overstate his symptoms and

10   complaints."  Tr. 18.  It is well-settled in the Ninth Circuit that the purpose for

11   which medical reports are obtained does not provide a legitimate basis for rejecting

12   them.  *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).  An examining

13   doctor's findings are entitled to no less weight when the examination is procured

14   by the claimant than when it is obtained by the Commissioner.  *Id*.  In the absence

15   of other evidence undermining the credibility of a medical report, the purpose for

16   which the report was obtained does not provide a legitimate basis for rejecting it.

17   *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).  Moreover, an ALJ "may

18   not assume doctors routinely lie in order to help their patients collect disability

19   benefits."  *Lester*, 81 F.3d at 832.  To the extent the ALJ relied on the general

20   nature of DSHS evaluations, and an applicant's purported resulting incentive to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

overstate his symptoms and complaints, the ALJ erred.  The error, however, is harmless.  The ALJ cited other specific, legitimate reasons supported by substantial evidence (such as Plaintiff's over-reporting and the lack of supporting objective evidence) which support the ALJ's rejection of the opinion.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).  Therefore, the outcome is the same despite the improper reasoning.  Errors that do not affect the ultimate result are harmless.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).  Here, for example, Dr. Mabee's report is also inconsistent with reports by providers that Plaintiff's affect, mood and concentration were generally normal.  *See, e.g*., Tr. 332 (alert, cooperative, normal mood and affect, normal attention span and concentration are noted by Dr. Bala in August 2013); Tr. 336 (same noted by provider in September 2013); Tr. 345 (same noted in October 2013); Tr. 349 (same in December 2013).

Another general reason the ALJ gave in assigning little weight to these opinions is that DSHS rules governing the definition and assessment of disability differ from those of the Social Security Administration.  Tr. 18.  The regulations provide that the amount of an acceptable source's knowledge of Social Security disability programs and their evidentiary requirements may be considered in evaluating an opinion, regardless of the source of that understanding.  20 C.F.R. §

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

404.1527.  And, the regulations also require that every medical opinion will be

evaluated, regardless of its source.  20 C.F.R. § 404.1527(c) and 416.927(c).

Although state agency disability rules may differ from Social Security rules

regarding disability, it is not always apparent that the differences in rules affect a

particular physician's report without further analysis by the ALJ.  Here, the DSHS

form defines marked as "a very significant limitation on the ability to perform one

or more basic work activit[ies]."  Tr. 299.  As noted in *Steinmetz v. Colvin*, 2016

WL 697141 at *5 (E.D. Wa., Feb. 19, 2016), further analysis by an ALJ may be

needed where a DSHS form does not define terms.  Here, the terms are defined.

However, as with the purpose for which the report is created and any purported

built-in incentive to overstate complaints , any error by the ALJ in relying on the

difference in agency definitions is also clearly harmless because the ALJ's

remaining reasons are specific, legitimate and fully supported by the record.

Moreover, the ALJ relied on the opinion of testifying psychologist Joseph

Cools, Ph.D, and gave his opinion significant weight, as another reason to give Dr.

Mabee's opinion less weight.  Tr. 17 (citing Tr. 33-36).  The opinions of non-

treating or non-examining physicians may serve as substantial evidence to reject an

examining physician's opinion when it is consistent with independent clinical

findings or other evidence in the record.  *Thomas v. Barnhart*, 278 F.3d 947, 957

(9th Cir. 2002) (citing *Morgan,* 169 F.3d at 600)).  Dr. Cools reviewed the record

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

and disagreed with Dr. Mabee's diagnosis of schizotypal personality disorder, and his [rule out] diagnosis of borderline intellectual functioning (BIF). Tr. 13, 17 (citing Tr. 33-34, 299). The ALJ credited Dr. Cools' opinion that neither diagnosis is well supported by the record. *Id.* The ALJ further credited Dr. Cools' opinion that schizotypal personality disorder is a "very complicated diagnosis," and typically it is not made until a provider has had an extended period of regularly observing a patient's interaction, a situation which obviously was not possible during a single sixty-minute evaluation. Tr. 17 (citing Tr. 34). An ALJ may reject an opinion that is unsupported by objective findings or by the record as a whole. *Batson,* 359 F.3d at 1995. The ALJ gave a legitimate reason for crediting Dr. Cools' opinion rather than Dr. Mabee's.

With respect to Dr. Mabee's rule out diagnosis of BIF, the ALJ further found that there has been no testing of Plaintiff to support this potential diagnosis; moreover, no review of Plaintiff's school records provides a basis for a BIF diagnosis. Tr. 17 (citing Tr. 299). The complete lack of objective findings supporting Dr. Mabee's diagnoses was a specific, legitimate reason to give limited weight to Dr. Mabee's opinion.

*2. Dr. Shanks*

In February 2013, orthopedist William Shanks, M.D., examined Plaintiff. Tr. 13 (citing Tr. 307-12). Dr. Shanks opined that Plaintiff's lumbar spine

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

1   condition limited him to sedentary work.  Tr. 13 (citing Tr. 311-12).  The ALJ gave

2   Dr. Shanks' opinion little weight.  Tr. 18 (citing Tr. 312).

3        Because Dr. Shanks' opinion was contradicted by Dr. Ghazi, Tr. 31-32, the

4   ALJ was required to provide specific and legitimate reasons for rejecting Dr.

5   Shanks' opinion.  *Bayliss,* 427 F.3d at 12216.

6        First, the ALJ gave Dr. Shanks' opinion little weight because his findings of

7   "slight displacement of [the] S1 nerve root" and "degenerative disc disease

8   significant for his age" are mentioned by Dr. Shanks for the first time in the record;

9   Dr. Shanks opined that Plaintiff's x-ray in 2013 (Tr. 314-15) remained unchanged

10  from the prior one in 2007 (Tr. 266-67), and the ALJ found these findings are

11  completely contrary to all prior exams and testing, which were normal or negative.

12  Tr.  13, 18 (citing Dr. Shanks at Tr. 309).  An ALJ may discredit a physician's

13  opinions that are unsupported by the record as a whole or by objective medical

14  findings.  *Batson*, 359 F.3d at 1195.  An ALJ may credit a nonexamining

15  physician's opinion over that of an examining physician if it is supported by other

16  evidence in the record and consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035,

17  1041 (9th Cir. 1995); *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

18       Here, after reviewing the record, Dr. Ghazi opined that no clear diagnosis of

19  radiculopathy had been made, and he opined the record shows that there had been

20  no definite diagnosis with respect to back pain other than "just low back strain."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

1  Tr. 31; *see also* Tr. 63 (In August 2012, SSA reviewing physician Nathaniel

2  Arcega, M.D., noted that there was no spinal MRI in the record[2]; merely a

3  reference to one in 2007: "PCP summary of MRI done in 2007 indicated some

4  lower lumbar nerve abutment [but] no protrusions or other abnormalities is not

5  accepted as no [acceptable medical source] reviewed [the] MRI.").[3]  Dr. Ghazi

6  further testified that the imaging studies of Plaintiff that are part of the record are

7  typical for people who are morbidly obese.  Tr. 17-18 (citing Dr. Ghazi's

8  testimony at Tr. 31); Tr. 314 (February 2013 MRI showing only minimal to mild

9  findings); *see also* Tr. 63 (exam in July 2012 showed normal range of motion

10  throughout; non-antalgic gait; normal strength and negative SLR); Tr. 13 (citing

11  Tr. 270) (electrodiagnostic studies in July 2008 were normal);  Tr. 13 (citing Tr.

12  251-252) (Dr. Young diagnosed chronic low back pain, without any true clinical

13  objective findings; he found that Plaintiff had no significant physical limitation,

14  and opined that Plaintiff had no physical restrictions that would prevent him from

15  working).  Similarly, in January 2012, treatment provider Amanda Baker, CMA,

16  _____

17  [2] An MRI was obtained after Dr. Arcega's opinion, on February 27, 2013 (Tr. 314).

18  [3] On November 1, 2012, Norman Staley, M.D., affirmed Dr. Arcega's opinion and

19  observed that there had been no new findings since a "benign CE" was performed

20  by Kenneth Young, D.O. on July 19, 2012.  Tr. 71, 79 (referring to Tr. 251-52).

1   noted she gave Plaintiff a referral to physical therapy for complaints of low back

2   pain in November 2011, Tr. 208, but Plaintiff failed to follow through, Tr. 201,

3   further suggesting that back pain symptoms were less severe than alleged.

4          Because Dr. Ghazi's opinion was supported by and consistent with other

5   evidence in the record, this was a specific, legitimate reason to give limited weight

6   to Dr. Shanks' opinion.

7   **B.  Duty to Develop the Record**

8          Next, Plaintiff faults the ALJ for failing to develop the record with respect to

9   Plaintiff's mental impairments and limitations.  ECF No. 18 at 18-20.   An ALJ in

10  a social security case has an independent "'duty to fully and fairly develop the

11  record and to assure that the claimant's interests are considered.'"  *Tonapetyan,*

12  242 F.3d at 1150 (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

13  Ambiguous evidence, or the ALJ's own finding that the record is inadequate to

14  allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an

15  appropriate inquiry."  *Id.* (citations omitted).  The ALJ may discharge this duty in

16  several ways, including: subpoenaing the claimant's physicians, submitting

17  questions to the claimant's physicians, continuing the hearing, or keeping the

18  record open after the hearing to allow supplementation of the record.  *Id.* (citing

19  *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen,* 80 F.3d at  1288.

20         Here, this Court finds that the evidence of mental impairment and limitation

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

was not ambiguous nor the record inadequate for proper evaluation of the evidence.

Plaintiff did not allege that he was unable to work due to mental limitations. Instead, he alleged that he was unable to work due to bulging discs, herniated/fractured discs, and back issues. Tr. 156. The ALJ found, however, that August 2013 notes by Plaintiff's treating physician, Juan Bala, M.D., show that Plaintiff reported depression and irritability and requested medication. Tr. 13 (citing Tr. 330, 332). At step two of the sequential evaluation, the ALJ found that schizoaffective disorder and personality disorder NOS are severe impairments. Tr. 12.

The ALJ went on to find that in September 2013, Dr. Bala's records showed that Plaintiff had received no mental health treatment, and had stopped taking Risperidone because he said that it caused hypersomnolence. Tr. 13 (citing Tr. 334). The ALJ opined that if Plaintiff's mental health problems were not severe enough to motivate him to pursue treatment, it is difficult to accept his assertion that they are disabling. Tr. 17. The ALJ additionally found that Plaintiff's mental condition improved *without* medication, again indicating lack of significant limitations. Tr. 13 (citing Tr. 346) (symptoms of schizoaffective disorder noted by Dr. Bala to be controlled, even after Plaintiff stopped Risperidone). The ALJ further found that Plaintiff engaged in over-reporting and exaggeration of his

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

1  mental problems when he was evaluated by Dr. Mabee, also indicating a lack of

2  honesty about his condition.  Tr. 16 (citing Tr. 298).  The reviewing psychologist,

3  Dr. Cools, found that the record was adequate for him to review and form an

4  opinion of Plaintiff's RFC.  Tr. 35-36.  Plaintiff complains of "scant evidence," but

5  Plaintiff failed to seek treatment, and it is Plaintiff's responsibility to present

6  evidence to establish disability.  Here, Plaintiff has undergone a consultative

7  examination.  Another psychologist, Joseph Cools, Ph.D., reviewed the record and

8  testified that Plaintiff was fully able to understand, learn, remember and "carry out

9  simple/routine instructions and attend on a regular basis."  (Tr. 36).  Dr. Cools

10  opined that Plaintiff was limited to superficial social interaction, as the ALJ

11  assessed in the RFC.  Tr. 15 (citing Tr. 36).

12      Because the record was not ambiguous, nor was the evidence insufficient for

13  a disability determination, the ALJ fulfilled her duty to develop the record.

14  **C.  Step Five Finding**

15      Plaintiff faults the ALJ for presenting an incomplete RFC to the vocational

16  expert.  ECF No. 20.  "An ALJ must propound a hypothetical to a [vocational

17  expert] that is based on medical assumptions supported by substantial evidence in

18  the record that reflects *all* the claimant's limitations."  *Osenbrock v. Apfel*, 240

19  F.3d 1157, 1165 (9th Cir. 2001) (emphasis added).  "If the assumptions in the

20  hypothetical are not supported by the record, the opinion of the vocational expert

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21

1  that claimant has a residual working capacity has no evidentiary value." *Gallant v.*

2  *Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). "It is, however, proper for an ALJ

3  to limit a hypothetical to those impairments that are supported by substantial

4  evidence in the record. *Osenbrock*, 240 F.3d at 1165.

5       Here, Plaintiff provides no support for this assertion other than the previous

6  allegation that the ALJ improperly weighed the medical evidence. This Court

7  previously found that the ALJ properly gave little weight to the opinions of Dr.

8  Mabee and Dr. Shanks. Thus, their assessed limitations, unsupported by

9  substantial evidence, were properly excluded from the hypothetical question posed

10 to the vocational expert. Accordingly, this Court does not find error.

11                          **CONCLUSION**

12      After review, the Court finds that the ALJ's decision is supported by

13 substantial evidence and free of harmful legal error.

14      **IT IS ORDERED:**

15      1. Defendant's motion for summary judgment (ECF No. 21) is **GRANTED.**

16      2. Plaintiff's motion for summary judgment (ECF No. 18) is **DENIED.**

17

18      The District Court Executive is directed to file this Order, enter

19 **JUDGMENT FOR THE DEFENDANT**, provide copies to counsel, and **CLOSE**

20 the file.

1    DATED this 29th day of December, 2016.

2                                    _S/ Mary K. Dimke_
                                     MARY K. DIMKE
3                                    U.S. MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23